IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON, | ) | 8:14CV152 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARIO PEART, and STATE OF | ) | |
| NEBRASKA, et al, | ) | |
| | ) | |
| Respondents. | ) | |

  This matter is before the court on initial review of Harold Wilson's ("Petitioner" or "Wilson") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Filing No. 1). Wilson is incarcerated in the Lincoln Correctional Center in Lincoln, Nebraska. In 1986, Wilson was convicted of robbery, attempted kidnapping, attempted felony murder, and attempted first degree sexual assault in the District Court of Dawson County, Nebraska ("state district court"). For the reasons discussed below, it appears Wilson's petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, the court will order Wilson to show cause within 30 days why this case should not be dismissed.

## I. BACKGROUND

  According to the petition, Wilson was convicted of robbery, attempted kidnapping, attempted felony murder, and attempted first degree sexual assault in 1986. On a date not specified in the petition, Wilson appealed his conviction and sentence to the Nebraska Supreme Court, which affirmed the conviction and sentence without issuing an opinion. (Filing No. 1 at CM/ECF p. 2.) Thereafter, on a date not specified in the petition, Wilson filed a motion for postconviction relief in the state district court. (*Id.*) The state district court dismissed some of the claims Wilson raised in his postconviction motion on November 15, 2012. (*Id.* at CM/ECF p. 3.) The state district court dismissed the remaining claims on February 27, 2013. (*Id.* at CM/ECF

p. 9.) Wilson appealed the state district court's February 27 order, but it was dismissed by the Nebraska Court of Appeals for lack of jurisdiction on May 13, 2013. (*Id.* at CM/ECF p. 10.) Wilson filed a petition for further review in the Nebraska Supreme Court, but the petition was denied on August 16, 2013. (*Id.* at CM/ECF p. 29.)

Wilson filed his habeas corpus petition in this court on May 15, 2014. This court's records reflect that this is Wilson's first attempt at habeas corpus relief. Wilson argues in his petition that the Nebraska Court of Appeals erred in dismissing his appeal for lack of jurisdiction pursuant to Nebraska Court Rules of Appellate Procedure. (Filing No. [1-1 at CM/ECF p. 1](#).) Wilson also argues that his petition was timely filed because his post-conviction action was not final until August 16, 2013. (*Id.* at CM/ECF p. 10.) In addition, Wilson argues that he is "actually innocent" of attempted felony murder and attempted first degree sexual assault. (*Id.* at CM/ECF p. 10.) With respect to the attempted felony murder conviction, Wilson argues he is actually innocent because he did not take any substantial steps toward the crime of murder and also because "[a] review of the Nebraska statutes and case law supports that attempted felony murder is not a crime in Nebraska." (*Id.* at CM/ECF pp. 5-6.) With respect to the attempted first degree sexual assault conviction, Wilson argues that he did not know that penetration was a necessary element of the first degree sexual assault statute. (*Id.* at CM/ECF pp. 7-8.) Wilson does not explain how this is relevant to his claim of actual innocence. Presumably, Wilson is arguing that he did not penetrate the victim so he cannot be guilty of attempted first degree sexual assault.

## II. STATUTE OF LIMITATIONS

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. *See [Day v. McDonough,](#) 547 U.S. 198, 209 (2006)*. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a 1-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing § 2244(d)(2)). A post-conviction application is considered "pending" until the state court "issue[s] its mandate or denie[s] review," even if a petitioner files a petition for certiorari in the Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007) ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

In *Nichols v. Bowersox*, the Eighth Circuit Court of Appeals held that the time before the effective date of AEDPA (April 24, 1996), is not counted in computing the one-year period of limitation. *Nichols*, 172 F.3d 1068, 1073 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008). Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional

3

period during which the statute is tolled. *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000).

### III.  DISCUSSION

The court begins its discussion by noting that the sole argument Wilson clearly raises in his petition—that the Nebraska Court of Appeals erred in dismissing his appeal for lack of jurisdiction pursuant to Nebraska Court Rules of Appellate Procedure—is not cognizable in a habeas corpus action.  The text of 28 U.S.C. § 2254 states that a court may entertain an application for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Wilson argues in his habeas corpus petition that a state court wrongly applied its own rules of procedure.  Such an argument does not allege a violation of the Constitution or laws or treaties of the United States.

To the extent Wilson intended to raise any claims in his petition that would be cognizable in a federal habeas corpus action (such as claims concerning the effective assistance of trial counsel), the court is concerned that the petition is untimely.  It appears from the face of Wilson's petition that Wilson's judgment of conviction became final before the effective date of AEDPA.  Thus, he had one year, or until April 24, 1997, to file for federal habeas corpus relief.  Wilson filed his petition in this court on May 15, 2014, more than 17 years later.  Thus, absent sufficient tolling or an equitable exception, any claims related to Petitioner's conviction or sentence are barred by the statute of limitations.

**A.     Statutory Tolling**

As set forth above, section 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral

4

review." Here, Petitioner does not specify the date on which he filed for postconviction relief in the state district court. However, unless his postconviction action was pending in state court for more than 15 years, Petitioner cannot demonstrate the availability of 17 years of statutory tolling.

B. **Equitable Tolling**

AEDPA's statute of limitations is subject to equitable tolling "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (citations omitted). Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006) (internal quotation omitted). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Runyan v. Burt, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation omitted).

Wilson does not argue in his petition that AEDPA's statute of limitations is subject to equitable tolling. However, on the court's own motion, Plaintiff will be given an opportunity to show cause why this case should not be dismissed as barred by the governing statute of limitations. He may discuss any pleas for equitable tolling in his response to the court's order to show cause.

C. **Actual Innocence**

In McQuiggin v. Perkins, --- U.S. ----, 133 S. Ct. 1924 (2013), the Supreme Court held that a habeas corpus petitioner can overcome the expiration of AEDPA's statute of limitations by making a convincing showing of actual innocence. *See* McQuiggin, 133 S. Ct. 1928. The Court held that a petitioner attempting to show actual innocence is required to produce new evidence sufficient to persuade the district

court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1982 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence means factual innocence, not legal innocence or legal insufficiency. *Narcisse v Dahm*, 9 F.3d 38, 40 (8th Cir. 1993).

Wilson has produced no new evidence in support of a claim that he is actually innocent. However, on the court's own motion, Plaintiff will be given an opportunity to show cause why this case should not be dismissed as barred by the governing statute of limitations. He may produce new evidence in support of his actual-innocence claim in his response to the court's order to show cause.

IT IS THEREFORE ORDERED that:

1. Wilson must show cause within 30 days of the date of this Memorandum and Order why this case should not be dismissed as barred by the governing statute of limitations. Petitioner is warned that failure to comply as directed will result in dismissal of this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The clerk's office is directed to set a pro se case management deadline in this matter: September 5, 2014: Check for response from petitioner.

DATED this 1st day of August, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.