IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON, | ) | 8:14CV152 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARIO PEART, and STATE OF | ) | |
| NEBRASKA, et al, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Harold B. Wilson ("Wilson") has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. On August 1, 2014, the court ordered Wilson to show cause why this case should not be dismissed as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(2). (*See* Filing No. 6.) The court also noted the following in its order:

> [T]he sole argument Wilson clearly raises in his petition—that the Nebraska Court of Appeals erred in dismissing his appeal for lack of jurisdiction pursuant to Nebraska Court Rules of Appellate Procedure—is not cognizable in a habeas corpus action. The text of 28 U.S.C. § 2254 states that a court may entertain an application for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Wilson argues in his habeas corpus petition that a state court wrongly applied its own rules of procedure. Such an argument does not allege a violation of the Constitution or laws or treaties of the United States.

(Filing No. 6 at CM/ECF p. 4.) Indeed, upon further review of Wilson's petition, the court notes that Wilson set forth the procedural history of his state criminal and post-conviction proceedings in his petition, but did not clearly set forth his claims for habeas corpus relief.

On September 8, 2014, Wilson filed a response to the court's order. Liberally construed, Wilson argues he is entitled to statutory and equitable tolling of the statute of limitations period. He also argues that he can overcome the expiration of the limitations period by making a showing of actual innocence. (*See* Filing No. 7.)

The court makes no findings with respect to the timeliness of Wilson's petition at this time. Rather, on the court's own motion, Wilson will be given 30 days to file an amended petition that presents cognizable claims for relief. Wilson's amended petition for writ of habeas corpus must clearly set forth every ground on which he believes he is being held in violation of the Constitution, laws, or treaties of the United States. The court encourages Wilson to present his grounds using a Form AO 241, Petition for Relief From a Conviction or Sentence by a Person in State Custody. The court will direct the clerk's office to provide Wilson with such a form.

IT IS THEREFORE ORDERED that:

1. Wilson will have 30 days from the date of this Memorandum and Order to file an amended petition for writ of habeas corpus that presents cognizable claims for relief. Failure to file an amended petition for writ of habeas corpus may result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: December 1, 2014: deadline for Wilson to file an amended petition for writ of habeas corpus.

3. The clerk's office is directed to send to Wilson the Form AO 241, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

DATED this 28th day of October, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.