IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HAROLD B. WILSON, | ) | 8:14CV152 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARIO PEART, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The court has conducted an initial review of the Amended Petition for Writ of Habeas Corpus (Filing No. 9) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner raised the following claims in his amended habeas corpus petition:

> Claim One:     Petitioner's conviction was obtained by a violation of the protection against double jeopardy because Wilson was convicted of and sentenced for both attempted felony murder and robbery. (*Id.* at CM/ECF p. 5.)

> Claim Two:     Petitioner's conviction was obtained in violation of Petitioner's right to due process of law because he was convicted of attempted felony murder, which is not a crime in the Nebraska state courts. (*Id.* at CM/ECF p. 7.)

> Claim Three:     Petitioner's conviction was obtained in violation of Petitioner's right to due process of law because the elements of attempted first degree murder were never proven or explained. (*Id.* at CM/ECF p. 8.)

Claim Four:      The evidence was insufficient to establish Petitioner was guilty of attempted first degree sexual assault.  (*Id.* at CM/ECF p.10.)

The court determines that these claims, when liberally construed, are potentially cognizable in federal court.  However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the amended habeas corpus petition (Filing No. 9), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.      The clerk's office is directed to mail copies of this Memorandum and Order and the habeas corpus petition to Respondent and the Nebraska Attorney General by regular first-class mail.

3.      By **March 12, 2015**, Respondent must file a motion for summary judgment or state court records in support of an answer.  The clerk's office is directed to set a pro se case management deadline in this case using the following text: **March 12, 2015**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4.      If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

2

A.   The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.   The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.   Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.   No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

3

F.      If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5.      If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.      By **March 12, 2015,** Respondent must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.      No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

4

C.  Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.  Petitioner must not submit any other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.  The clerk's office is directed to set a pro se case management deadline in this case using the following text: **April 13, 2015**: check for Respondent's answer and separate brief.

6.  No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5

7.     The clerk's office is directed to terminate the State of Nebraska as a respondent in this matter, as Petitioner named only Mario Peart in his amended habeas corpus petition.

DATED this 29th day of January, 2015.

BY THE COURT:


s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.